NO. 07-08-0032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 8, 2008

______________________________


GERALD BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY;

NO. F-2007-0448-D; HONORABLE BRUCE MCFARLING, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Appellant, Gerald Brown, was convicted by a jury of theft, enhanced, and
punishment was assessed at sixteen years confinement. He filed a notice of appeal
challenging his conviction. The clerk’s record filed on April 1, 2008, contains the Trial
Court’s Certification of Defendant’s Right of Appeal. However, the certification is not
signed by Appellant as required by Rule 25.2(d) of the Texas Rules of Appellate
Procedure.


 Neither does the form comply with the Rule.



          Consequently, we abate this appeal and remand this cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a proper Certification of Defendant’s Right of Appeal in compliance with Rule
25.2(d). Once properly completed and executed, the certification shall be included in a
supplemental clerk’s record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by May 23, 2008.
This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification. If a supplemental clerk’s record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
          Also pending before this Court is the Court Reporter’s letter indicating that no action
has been taken regarding preparation of the Reporter’s Record because she has not
received a designation of record pursuant to Rule 34.6(b)(1) and arrangements for
payment have not been made as required by Rule 35.3(b)(3). A review of the Clerk’s
Record reveals that a designation of record has been made. Appellant’s counsel is
ordered to certify to this Court, on or before April 28, 2008, whether satisfactory
arrangements for payment of the reporter’s fee have been made. Failure to comply with
the Court’s directive may result in the appeal being abated a second time and the cause
remanded to determine why Appellant is being deprived of a Reporter’s Record. See Tex.
R. App. P. 37.3(a)(2). 
          It is so ordered.
                                                                           Per Curiam
Do not publish.